Hobbs vs. Stauer and others.

LYON, J., took no part.

## HOBBS vs. STAUER and others.

*December 19, 1884 — January 13, 1885.*

*Master and servant: Injury from defective appliances: Knowledge of defect.*

Plaintiff was standing upon a platform engaged in taking down a steam-pipe. A section of the pipe which had been but partially screwed into the cylinder suddenly started while plaintiff was attempting to unscrew it, and separated from the cylinder, causing him to fall from the platform. The pipe had answered the purposes for which it was intended, and there was no evidence that the defendants had failed to employ competent workmen to put it in, or that they knew or ought to have known of its condition. *Held*, that the defendants were not liable for the injury to the plaintiff. *Behm v. Armour*, 58 Wis. 1, distinguished.

APPEAL from the Circuit Court for *Crawford* County.

The defendants own and operate a steam saw-mill, and the plaintiff was employed as a laborer therein, doing gen-

eral work. The carriages in the mill on which the logs are placed are moved back and forth by what is called a steam-feed — a cylinder through which the steam acts upon them. The steam passes through a pipe, screwed together in sections, into the cylinder. After the pipe was put in, it was used about one year and a half, and during that time answered perfectly the purpose for which it was intended. A leak was then discovered in the pipe, and it became necessary to take it down. The workmen in the mill, including the plaintiff, were directed by the defendants to take it down. Under the direction of the defendant *Leefeldt*, the plaintiff and his brother, Daniel Hobbs, built a scaffold seven feet high, upon which to stand while doing the work. They unscrewed and removed section after section of the pipe, until the section next the cylinder was reached, using tongs for that purpose. On the last section the plaintiff and his brother surged with the tongs more than once, but could not start it. Thereupon the defendant *Leefeldt* applied a crocodile wrench thereto from the floor above. They all applied their strength to it, the plaintiff standing with his foot against a post, surging backward, when the section suddenly started and separated from the cylinder, and the plaintiff was thereby thrown from the scaffold and severely injured. It was ascertained, on examination, that this last section was only screwed in one and one-half threads. It was a No. 10 screw, containing ten threads to the inch.

This action was brought to recover damages for such injury; and the negligence imputed to the defendants in the complaint is their failure to notify the plaintiff of the unsafe condition of the pipe.

The foregoing facts were proved on the trial, and it was also proved that the steam-pipe was put in by the workmen of the defendants under the general superintendence of the defendant *Leefeldt*. There is no other evidence tending to show that either of the defendants knew the condition in which the pipe was left. On this testimony the circuit court

ordered a nonsuit; and judgment was thereupon entered, dismissing the complaint, with costs. The plaintiff appeals from the judgment.

For the appellant there was a brief by *Thomas & Fuller*, and oral argument by *Mr. Thomas*.

For the respondents there was a brief by *Noble & Updegraff* and *Wm. H. Evans*, and oral argument by *Mr. Updegraff* and *Mr. Evans*.

LYON, J. In *Strahlendorf v. Rosenthal*, 30 Wis. 674; *Naylor v. C. & N. W. R'y Co.* 53 Wis. 661; *Behm v. Armour*, 58 Wis. 1; and in other cases in this court, the rule of law is laid down and applied that if a servant, knowing the hazards of his employment as the business is conducted, is injured while engaged therein, he cannot maintain an action against his employer for the injury merely because the business might have been carried on in a safer mode. But if there are increased perils in the business by reason of the use of defective appliances, or otherwise, known to the master, or for which he is responsible, and unknown to the servant, if the latter is injured thereby, and is free from negligence, the master is liable. These rules govern the present case.

It is not claimed in this case that the defendants failed to employ competent workmen to put in the steam-pipe. There is no testimony tending to show any failure on their part in this respect. Neither is there any testimony tending to show that by the exercise of reasonable care the defendants ought to have discovered the defect. It is probable that they or any one else might have seen that a portion of the screw had not been used; but that would not necessarily disclose how far the screw was inserted into the cylinder. That would depend upon the length of the screw. Moreover, the pipe was screwed in sufficiently to make it answer the purposes for which it was intended; and the mechanic who did the work testified that it was done in a proper and

workmanlike manner. Hence, in view of these facts, the defendants are not responsible for the consequences of the pipe not being properly attached to the cylinder, unless they knew of the defect.

There is no testimony in this record showing or tending to show that either of the defendants had any knowledge whatever that the section of the steam-pipe in question had been insufficiently screwed into the cylinder. True, the defendant *Leefeldt* superintended the putting of the machinery, including such pipe, into the mill, but there is no evidence that he was there when the pipe was put in, or gave any specific directions in regard to it. The fact of his superintendence, standing alone as it does, is entirely insufficient to support a finding that he knew the condition in which the pipe was left.

We may assume, therefore (but do not so decide), that all of the conditions essential to a recovery existed in this case, with the single exception that the alleged defect was or ought to have been known to the defendants. But one of these conditions is essential to a recovery, and the absence of both in the present case is fatal to the action.

*Behm v. Armour*, 58 Wis. 1, is relied upon by the learned counsel for the plaintiff to sustain this action; but it comes far short of doing so. In that case the question was one of pleading only, and it was held that the complaint sufficiently charged the defendants with negligence, which caused the injury complained of. No rule of law was there adjudicated which aids the present plaintiff.

What the rule would be had an employee of defendants been injured when the machinery was in operation, by reason of the alleged defect, is not determined. We only hold that under the special circumstances of this case, for the reasons above stated, the defendants are not liable.

We conclude that the plaintiff was properly nonsuited.

*By the Court.*— Judgment affirmed.