MALCOLM B. PALMER v. WILLIAM HARRISON.

*Accidental injury—Negligence—Question of law.*

1. A fairly intelligent youth of sixteen had his hand mutilated by the jointer in a planing mill where for two weeks he had been at work. He had had no previous experience with such machinery, but the dangerous nature of the jointer was manifest to anyone who looked at it, and he would not have been hurt if he had not laid his hand, without looking, upon the table in which the jointer operated. *Held,* that the injury was accidental, and he could not recover for it.

2. The question whether there is evidence tending to show negligence is one of law, to be determined from the testimony only. Where the court is in doubt, the case should go to the jury.

Error to the Superior Court of Grand Rapids. (Parrish, J.) May 13.—June 3.

CASE. Plaintiff brings error. Affirmed.

*Kennedy & Thompson, Jno. O. Fitz Gerald* and *Allen C. Adsit* for appellant.

*Grove & Lawrence* and *M. J. Smiley* for appellee, cited as applicable, *Sjogren v. Hall* 53 Mich. 274; *Goodale v. Portage Lake Bridge Co.* 55 Mich, 413; *Schroeder v. Michigan Car Co.* 56 Mich. 132; *Case v. Chicago, R. I. & P. R.R.* 64 Ia. 762; *McGinnis v. Canada Southern Bridge Co.* 49 Mich. 466; a workman among machinery should carefully watch it to guard against danger: *Stone v. Oreg. Mfg. Co.* 4 Oreg. 52.

SHERWOOD, J. This action is in trespass on the case for an injury which the plaintiff alleges that he received while in the employ of the defendant, by having his hand caught in a machine called a "jointer."

The defendant was the owner of, and engaged in operating, a manufacturing establishment in the city of Grand Rapids, known as "Harrison's Wagon Works," at the time the injury to plaintiff occurred. The plaintiff was a boy sixteen years old, of moderate intelligence, and, at the time of his employment by the defendant, had never before worked in a factory or shop where machinery was used, and had had no experience in working about it. The defendant hired the plaintiff to carry hubs, boards, etc., as occasion required, about the work in the factory, and he frequently passed and repassed the jointer in performing his work. At the time he received the injury he was carrying boards to a place near the jointer. The machine was stopped and started by shifting a belt from a loose pulley to a stationary one on the main shaft, by the use of a lever that came up through an opening in the floor, on one side of the machine. The knives of the jointer were operated by means of a belt running from the driving-shaft under the floor to a shaft on the south side of the machine.

The plaintiff's claim is that he was young and inexperienced, that the machinery was dangerous, and that he was not warned of the dangerous character and condition of the

machinery, and was ignorant thereof; that one of the pulleys used to propel the jointers was defective and out of repair, and by wabbling would drive the belt back upon another pulley, and would thus set the jointer in motion when no person was present or using it; that the defendant was negligent in suffering the pulley to remain thus out of repair, and the knives of the jointer to be uncovered or unguarded; that while he was removing the boards at the time the injury occurred, and laying them down near it, the person in charge stopped its running; that after he laid down the second board and turned around to go for another, the jointer suddenly started in motion by the wabbling of the defective pulley, and that by means thereof the plaintiff, without any carelessness or negligence on his part, and while in the exercise of due and proper care, had his hand caught in the knives of the jointer, whereby it was so injured that amputation above the wrist became necessary. The plaintiff states his case in four counts. The defendant's plea is the general issue, with notice that the plaintiff's action is barred by lapse of time. The cause was tried in the Superior Court of Grand Rapids by jury, and after the testimony was taken and counsel had been heard, Judge Parrish instructed the jury to return a verdict for the defendant, which was accordingly done, and judgment thereon rendered. The case is now before us on error,—the record containing a bill of exceptions in which all the testimony is set forth.

The vital question in this case is, was the defendant guilty of any negligence which contributed to the defendant's injury, because, if there was no negligence on the part of the defendant, it is entirely unnecessary to consider the question of contributory negligence on the part of the plaintiff, and judgment should be affirmed. If there was any evidence which fairly tended to show the injury occurred through any negligence on the part of the defendant, it would then have been proper to consider the testimony tending to show contributory negligence on the part of the plaintiff, and the case should have gone to the jury. The question, whether there was or was not any evidence in the case tending to show negli-

gence on the part of defendant, was one of law, and was to be determined by the court from the testimony alone, and not from the claims made by counsel in the case. If there was any doubt in the mind of the court upon the subject, then the case should have been submitted to the jury. It appears the judge of the Superior Court had none, for he says: "My sense of duty, after a careful examination of the case, compels me to direct you to render a verdict for the defendant."

I think the testimony plainly shows that the plaintiff, while in the employ of defendant, was required to perform the most common and simple kind of labor desired in the defendant's manufactory, such as required no skill, and there seems to be no question but that he did his work well, and at the time of the injury he had been in defendant's service about two weeks. It appears there was no guard or covering over the knives of the jointer, and this is claimed as negligence on the part of the defendant. We think, however, this was not required. It was a machine frequently in use, and when used or running it could not be kept covered, and when not running was not dangerous and no cover was needed.

It is also claimed that the defendant did not warn the plaintiff that the running machinery upon which he was injured was dangerous. The plaintiff was in his seventeenth year; had resided in Grand Rapids several years; had known the defendant and his place of business for years. He had worked in the shop where the jointer was located for two weeks previous to receiving his injury, and had seen the machine in which the accident occurred every day during the period, both standing still and when in use; knew all about its location and use, and worked about it every day. He was not engaged in its use at the time, and was doing nothing calling or requiring him to be in any place in dangerous proximity to the jointer. The revolving knives were in plain view, and open to the observation of all persons coming near them. The plaintiff also says in his own testimony he "knew the jointer was there;" that if he came in contact with the running knives they would be likely to hurt him; that if he

had looked at the jointer he would have known whether it was running or not; that he did not look at it because he supposed it was still; that if he had not placed his hand (which had a mitten on) on the table in which the jointer worked, he would not have been caught; that he "did not pay any attention to whether the jointer was going or not." If he "had known he was going to get hurt he would have looked out for it. It was an accident."

Upon these undisputed facts, and the testimony of the plaintiff himself, it is difficult to see what notice or warning the defendant could have given which would in any manner have helped the plaintiff in avoiding the danger which overtook him; and, if he could not, certainly the law requires none. The plaintiff's testimony shows him to be a young man of fair intelligence. It is unnecessary to discuss the point made as to the pulley's being out of repair, as it appears from the record that it was not and could not have been in consequence of the alleged defect that the plaintiff was injured.

We have examined this case with much care, as presented in the record and in the briefs of counsel, and have failed to discover any testimony tending to show any negligence on the part of the defendant. The case shows the injury to the plaintiff was the result of an accident, which could have been avoided by a little more caution on the part of the plaintiff, as all the means for so doing were fully within his own observation and reach; and we quite agree with the learned judge of the Superior Court that it was, under all the circumstances, his duty to give the direction he did to the jury.

The judgment will be affirmed.

CAMPBELL and CHAMPLIN, JJ. concurred. COOLEY, C. J. did not sit.