MICHAEL FOLEY *vs.* PETTEE MACHINE WORKS.

Suffolk.    March 22, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Personal Injuries — Negligence — Master and Servant — Risk of Employment — Employer's Liability Act — Notice — Inspection of Factories — Guarding of Dangerous Machinery.*

An experienced machinist, injured by accidentally putting his hand into uncovered gearing, which is in plain sight and by which the power is transmitted to the machine upon which he is at work, cannot recover from his employer for his injuries; and the employer is not negligent in failing to give particular instructions to such machinist as to the risks of the employment.

An employer of labor is not liable, under the Pub. Sts. c. 104, § 22, to a criminal prosecution, or to an action by an employee, for a violation of § 13, relating to the guarding of dangerous machinery, until the notice required by § 22 has been given to him by an inspector of buildings.

TORT for personal injuries occasioned to the plaintiff while in the defendant's employment. At the trial in the Superior

Court, before *Sherman,* J., there was evidence tending to prove the following facts.

The defendant corporation was engaged in the manufacture of machinery, and on April 27, 1888, the plaintiff, by direction of the defendant's foreman, was at work on a drilling machine in its shop. The machine was run by power transmitted from a shaft by means of bevelled gears, and was started and stopped by means of a lever called a shipper handle, the end of which while the machine was in motion was but two or three inches distant from the gears, and as the plaintiff faced the machine just above the level of his head to the left. These gears at the time were not covered or protected in any way, and together with the shipper handle were plainly in view.

The plaintiff was engaged in drilling a hole through a heavy iron casting called a " card-side," which was six or seven feet in length, and about two and a half in breadth. This card-side lay upon a table beneath the drill, resting upon its side, while he held it in position assisted by one Mullen, a fellow servant. The drill, which had partially pierced the casting, became caught, causing the casting to wabble. The plaintiff braced his leg up against it, but as his leg was in danger of being broken, and his attention was fixed upon the casting, he put out his left hand without looking to take hold of the shipper handle and stop the machine, when it was caught in the gears and the injuries received.

The plaintiff had worked about five years for the defendant, during three years of which time he had worked upon machines run by power. He had worked on various machines, all of which were started and stopped in the same way as the drilling machine. He had started or stopped the drill about once every fifteen minutes by means of this shipper handle, to which previously he had been able to give his attention; but at the time of the accident he was in danger of breaking his leg, and " could not keep his eyes on two places."

The plaintiff had been at work upon the drilling machine about two weeks, and had never before worked on one of that make. During those two weeks his work on the machine had consisted in drilling small castings which did not wabble. He had been at work upon the card-sides four hours when the acci-

dent happened. During the four hours in which the plaintiff had been at work upon the card-side castings he had drilled nine, and the one on which he was at work when injured was the tenth. He had received no instructions as to how the machine should be run ; and no one had ever said anything to him about it, and there was no device about the table to prevent wabbling. Mullen had worked on the same machine at intervals during the previous year.

The plaintiff offered to show, by the testimony of one Coon, a member of the district police and an inspector of factories and public buildings, that as such inspector he had visited the defendant's shop about a year before the accident; that at that time the machine upon which the plaintiff was injured was not in the shop ; that he visited the premises about three days after the accident occurred, and the gears were then covered, and he was not informed of the accident by the defendant or any of its employees ; that the defendant had not sent to the chief of the district police a written notice of the accident within the time required by the St. of 1886, c. 260, § 1; that in his opinion the gears in which the plaintiff's hand was caught were so placed as to be dangerous to persons employed in the defendant's shop while engaged in their ordinary duties; and that he had not communicated this opinion to the defendant, nor to any one.

It was admitted that notice of the accident was not given to the defendant by the plaintiff other than by bringing this action.

Upon these facts, the defendant requested the judge to rule that the plaintiff could not recover. The judge so ruled, and ordered a verdict for the defendant, and reported the case for the determination of this court.

If the ruling was correct, the verdict was to stand; otherwise, a new trial was to be ordered.

*J. A. Maxwell & J. D. McLaughlin*, for the plaintiff.

*H. N. Shepard*, for the defendant.

MORTON, C. J. It is admitted that the plaintiff cannot recover under the St. of 1887, c. 270, because he failed to give notice of his injury to the defendant, as required by § 3 of that statute. He claims that he is entitled to maintain this action at common law.

If we assume, without deciding, that the statute does not affect the liability of an employer which existed at common law before its passage, yet we are of opinion that the plaintiff is not entitled to recover. He was a man of mature years, accustomed to the use and management of machinery, and had worked upon machinery for the defendant for five years. He was injured by accidentally putting his hand into a pair of bevelled gears or cog-wheels, by which the power was transferred to a drill which he was using. This gearing was uncovered, but it was in plain sight.

The defendant was not negligent in failing to give particular instructions to the plaintiff. Such instructions to an experienced machinist would be useless. If the machinery was dangerous by reason of being uncovered, the plaintiff knew this danger as fully as any man could know it. The case clearly falls within the numerous decisions in which it has been held that, if an employee enters into an employment in which there are obvious and known dangers, he takes the risk of them, and cannot recover because the machinery might be made less dangerous by being covered. *Gilbert* v. *Guild*, 144 Mass. 601, and cases cited. *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261.

The plaintiff claims that the defendant is liable under the Pub. Sts. c. 104, § 22. But by the just construction of this chapter a person or corporation cannot be said to be guilty of a violation of § 13, so as to be liable to a criminal prosecution, or to an action by an employee, until notice has been given to him by an inspector, as required in § 22.

*Judgment on the verdict.*