YOUNG v. THE BURLINGTON WIRE MATTRESS COMPANY.

1. **Master and Servant**: DEFECTIVE MACHINERY : PERSONAL INJURY. Plaintiff, in the performance of his duty as defendant's employe, was required to place a belt upon a pulley, and in order to do so he used a ladder to climb to the pulley, and because the belt worked hard, as he tried to move it the ladder slipped and caught into another pulley, and threw plaintiff upon a belt running a tenon-machine, and he was finally thrown upon the knives of the tenon-machine and injured. *Held*—

    (1) That, since it was not the structure of the ladder that caused plaintiff to fall, but rather the strain upon it required by the work he was doing, he could not recover on account of alleged defects in the ladder.

(2) That he could not recover on the ground that there should have been a "shifter" provided for placing the belt upon the pulley, because the pulley in question was a fixed one, and shifters are not used with fixed pulleys.

(3) That defendant could not be charged with negligence in not having the knives of the tenon-machine covered, in the absence of a showing that it was customary, or even practicable, to cover such knives.

2. **Practice:** ORAL MOTION TO DIRECT VERDICT. A motion by defendant for a verdict upon plaintiff's evidence is a demurrer to the evidence, and need not be in writing, notwithstanding sections 2645, 2649 and 2911 of the Code, requiring motions in general to be in writing. (See *Foley v. Railway Co.*, 64 Iowa, 644.)

3. **Instructions:** ORALLY DIRECTING VERDICT. A direction to the jury to return a verdict for defendant upon plaintiff's evidence, upon motion to that effect, is not in the nature of an instruction, and is not, therefore, within the provision of section 2784 of the Code, requiring instructions to be in writing. (See *Milne v. Walker*, 59 Iowa, 186, and *Stone v. Railway Co.*, 47 Iowa, 82.)

*Appeal from Des Moines District Court.*—HON. CHAS. H. PHELPS, Judge.

FILED, FEBRUARY 7, 1890.

ACTION to recover for personal injuries sustained by plaintiff through defendant's negligence while engaged in operating machinery in defendant's manufactory. Upon the close of plaintiff's testimony the district court, upon the oral motion of defendant's counsel, directed a verdict for defendant. Plaintiff appeals.

*Newman & Blake*, for appellant.

*C. L. Poor*, for appellee.

BECK, J.—I. The evidence introduced by plaintiff shows that he was employed by defendant and engaged in running a saw propelled by steam in a room in defendant's manufactory where was other machinery, as a tenon-machine, also propelled by steam. He was required, in the discharge of his duty, to place a belt upon a

1. MASTER and servant: defective machinery: personal injury.

pulley which would move a circular saw. In order to do this, he ascended a ladder to the pulley. The belt "worked hard." In endeavoring to move it, the ladder slipped, caught into another pulley, and threw plaintiff upon a belt running the tenon-machine, and he was finally thrown upon the knives of the machine, and his hand was so injured that it was necessary to amputate the arm two and a half inches above the wrist. The ladder had no hooks or grapplings on the top end, nor spikes or projections on the bottom.

II. It does not appear that the structure of the ladder caused plaintiff to fall, but, rather, that the work he was doing required such a strain upon the ladder as to cause it to move, which threw defendant upon a belt. The fact that the accident resulted while plaintiff was using the ladder, and the form of its structure, do not authorize the conclusion that it was negligence in defendant to furnish the ladder for the plaintiff's use. There is no ground for the conclusion that, if the ladder had been differently constructed, the accident would not have happened.

III. The knives of the tenon-machine were not covered. It is doubtless true that if they had been covered the injury would not have resulted; at least, it would not have been of the extent suffered by plaintiff. But defendant is not required to use appliances so constructed that no injury can be inflicted by them under any circumstances. They must provide for their employes such appliances, so constructed, that they may be used, in the exercise of due care, with reasonable safety; and danger and injury must not result from the defects in or the defective construction of the appliances, considered in view of their use. We are impressed with the belief that had plaintiff been as watchful and as careful as he should have been the ladder would not have moved so as to throw him upon the tenon-machine, and that a ladder of the character which it is claimed this ladder should have possessed, if used with no greater care than plaintiff exercised

when he received the injury, would not have prevented the accident. In other words, the manner of the use of the ladder by plaintiff, rather than its faulty construction, caused the injury.

IV. It is said that there should have been a lever called a "shifter" used in pulling the belt on the pulley for plaintiff's use. But a "shifter" could not have been used in putting the belt on the pulley, for it was a fixed, or, as it is called in the abstract, a "tight," pulley, and was on the main shaft. "Shifters" are only used to move belts from fixed to "loose" pulleys, or *vice versa;* and, as we understand it, "loose" pulleys are not usually put upon a main shaft. They are commonly at the other end of the belting.

V. It is insisted that, if the knives· of the tenon-machine had been covered, the accident would not have occurred. But it is not shown that this is usual, or even practicable, or that a cover could have been so constructed as to have prevented plaintiff's hand coming in contact with the knives when the machine was in use. If the machine was in use, or ready for use, it was plaintiff's· duty to take notice of that fact, and to avoid all dangers arising from the knives being uncovered. We reach the conclusion that it does not affirmatively appear that the court below erred in directing a verdict to be rendered for defendant.

VI. It is insisted that the district court erred in entertaining an oral motion to direct a verdict for defendant. Counsel rely upon provisions of our statute requiring motions *to* be in writing. Code, secs. 2645, 2649, 2911. The motion was really a demurrer to evidence, by which defendant submitted his case upon the evidence offered by plaintiff, claiming that it established no ground of recovery in favor of plaintiff. 1 Archb. Pr. 196–209; Gould. Pl. 446. It is the uniform practice in this state to present such a motion or demurrer orally, and this court has sanctioned the practice. *Foley v. Railway Co.*, 64 Iowa, 644.

2. PRACTICE: oral motion to direct verdict.

· VII. The direction to the jury to return a verdict for defendant was not in the nature of an instruction, and is therefore not within the provisions of Code, section 2784, requiring instructions to be in writing. *Milne v. Walker*, 59 Iowa, 186; *Stone v. Railway Co.*, 47 Iowa, 82. It is simply the announcement of the order made upon sustaining plaintiff's demurrer to the evidence. In our opinion, the judgment of the district court ought to be

AFFIRMED.

**3. INSTRUC-TIONS: orally directing verdict.**