No. 1,806.

LAKE ERIE AND WESTERN RAILROAD CO., PITTSBURGH, ETC., RAILWAY CO. *v.* HANCOCK.

PLEADING.—*City Ordinance.*—*Contributory Negligence.*—An averment, in a complaint, of the existence of an ordinance is all that is required in order that the same may become entitled to be admitted in evidence.

SAME.—*Personal Injury.*—*Contributory Negligence.*—If there be no general averment that the injury was received without any fault on part of plaintiff, but a statement of the facts be pleaded in such a way as to preclude the presumption of contributory fault on plaintiff's part, this will be sufficient.

SAME.—*Railroad.*—In an action against a railway company for personal injuries caused by the alleged negligence of defendant in running its train over a street crossing at a rate of speed prohibited by a city ordinance, an averment that without any fault or negligence on the part of plaintiff, defendant's train, by reason of its negligence, came in close proximity to the horse driven by plaintiff, while plaintiff was attempting to cross the tracks, and frightened said horse, and caused him to upset the buggy and throw the plaintiff to the ground, does not sufficiently allege plaintiff's freedom from contributory negligence.

From the Howard Circuit Court.

*R. B. Beauchamp, J. L. Rupe, M. Bell, W. C. Purdum, J. B. Cockrum,* for appellants.

*Fippen & Purvis, Moon & Wolf,* for appellee.

REINHARD, J.—The appellee's amended second paragraph of complaint, upon which the cause. was tried in the court below, alleges that the defendants are corporations, and that on Thursday, the 10th day of August, 1893, the defendant, the Lake Erie & Western R. R. Co., owned and operated a certain railroad, or branch of a railroad, known as the Indianapolis & Michigan City division of the Lake Erie & Western Railroad, together with the tracks, cars, locomotives and other appurtenances thereto belonging; that on said day the defendant, the Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company, by virtue of an agreement, understanding and contract with said other defendant company, used the latter's track and roadbed running from Kokomo, in Howard county, Indiana, in a general southerly direction through the county of Tipton and within the corporate limits of the city of Tipton, in said county, also through the county of Hamilton and a portion of the county of Marion to the terminus of said branch or division in Indianapolis, Indiana, the terms of said contract being to plaintiff unknown, for which reason the same cannot be set out here; that on the 10th day of August, 1893, the said railroad extended across Jefferson street in said city of Tipton at a point between East street and Mill street in said city; that on the 2d day of August, 1887, the common council of Tipton passed an ordinance regulating the speed of trains within the city, which provided that no train should

be run therein faster than four miles an hour; that
this ordinance was in force August 19, 1887, and has
remained in force continuously since; that on the 2d
day of July, 1890, said common council passed an-
other ordinance requiring the Lake Erie & Western
Railroad Company to maintain a flagman at the cross-
ing of Jefferson street, and that said flagman should
remain continuously on duty at this place each day
of the week, except Sunday, during the hours from
7 o'clock a. m. to 6 o'clock p. m., to warn persons
crossing the railroad at that point; that this ordi-
nance was in force on the 31st day of July, 1890, and
continuously since; that on the 10th day of August,
1893, a week-day, between 7 o'clock a. m. and 6 o'clock
p. m., the plaintiff was traveling in a buggy drawn
by one horse, along Jefferson street and over the
crossing of the railroad at the said point of crossing,
and as she reached the crossing, the defendant, the
Pittsburgh, Cincinnati, Chicago & St. Louis Railroad
Company, caused its train to negligently approach
and pass over the crossing at a rate of speed of forty
miles an hour, and negligently omitted to sound the
whistle or ring the bell for the crossing; that the de-
fendant, the Lake Erie & Western Railroad Company,
negligently omitted to maintain a flagman at the
crossing at the time; that the flagman employed was
away from his post of duty, and negligently failed to
warn the plaintiff of the approach of the train, "by
reason of which negligence on the part of the de-
fendants, and without any fault or negligence on the
part of the plaintiff, the said locomotive came in close
proximity to said horse and plaintiff while then and
there attempting to cross said railroad at said point,
and frightened said horse and caused him to quickly
turn around and upset or turn said buggy over, and

throw plaintiff, with great force and violence to the ground," inflicting the injury for which she sues.

. To this complaint the appellants filed separate demurrers, the overruling of which is assigned as error.

It is apparent that the specific negligence here ascribed to the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company is the running of the train at a higher rate of speed than that permitted by ordinance, and in failing to give statutory signals, while the negligence charged against the other company consists in the failure to comply with the ordinance requiring a flagman to be kept at the crossing.

The appellant insists that the ordinance referred to should have been set out by copy as a part of the complaint. This was not necessary. An averment of the existence of the ordinance is all that is required in order that the same may become entitled to be admitted in evidence. *Madison, etc., R. R. Co.* v. *Taffe*, 37 Ind. 361; *St. Louis, etc., R. W. Co.* v. *Mathias*, 50 Ind. 65.

It is next insisted that the complaint does not sufficiently aver the appellee's freedom from contributory negligence in the incurring of the injury.

It is a familiar rule in this State, that a complaint for damages on account of personal injuries sustained by reason of defendant's negligence must show that the plaintiff was free from contributory fault. If the complaint contain a general averment that the injury was received without any fault on the part of the appellant, it is sufficient in this respect, unless the facts pleaded make it appear, notwithstanding such general averment, that the plaintiff's negligence contributed to the injury. *Chicago, etc., R. R. Co.* v. *Smith*, 6 Ind. App. 262. Or if there be no general averment, but a statement of the facts in such a way as to exclude the presumption of contributory fault on plaintiff's part, this will be sufficient. *Ohio, etc., R. W. Co.*

v. *Hill, Admx.*, 117 Ind. 56; *Ft. Wayne, etc., R. W. Co.* v. *Gruff*, 132 Ind. 13.

There is in the complaint before us no averment that the appellee's injury was received without any fault or negligence on her part. The allegation concerning her freedom from fault is that by reason of the defendant's negligence, "and without any fault or negligence on the part of the plaintiff, the said locomotive came in close proximity to said horse and plaintiff while then and there attempting to cross said railroad at said point, and frightened said horse, and caused him to turn around and upset or turn said buggy over and throw plaintiff with great force and violence to the ground, fracturing her skull," and otherwise injuring her.

This is an allegation that the plaintiff was free from fault in respect of the coming of the locomotive in close proximity to the horse and to plaintiff, but not that she was free from fault in receiving the injury. What follows after the averment as to the coming of the locomotive is only a recital of what resulted from such act of the near approach of the engine to the horse and the appellee. The result was that the horse became frightened and turned around and upset the vehicle, throwing the appellee with great force and violence to the ground, and injuring her. But we are not apprised of what transpired between the time the appellant set in motion the cause of the appellee's injury and the happening of the result. The appellee may have been quite faultless in relation to the act which brought the locomotive-engine and horse together, and yet she may have been negligent in occupying a careless position in the wagon while attempting to cross the track, or in doing some other act, between the time the engine came in close proximity to her horse and the time appellee was hurt.

This was not at all inconsistent with the idea that the injury was the result of the appellant's negligence in the matter of the coming of the locomotive in close proximity to the horse and the appellee, for this may have been true, and the appellant may also have contributed to the injury by her own fault or carelessness. The averment is not sufficiently broad to cover the time or act of the injury.

In *Richmond Gas Co.* v. *Baker* (Ind. Sup.), 39 N. E. Rep. 552, an averment in a complaint, after setting forth defendant's negligence, that the plaintiff "has been" in all the matters and things aforesaid wholly blameless and without fault, and that "she further says that she has been in all things wholly blameless and without fault," was held not a sufficient compliance with the requirement that the complaint must allege plaintiff's freedom from contributory negligence.

The case of *Romona Oolitic Stone Co.* v. *Johnson*, 6 Ind. App. 550, is much like the case at bar, respecting the point in controversy. That was an action by an employe of a stone company, against the employer, for injuries incurred while in the line of his employment in the operation and management of a "traveler." The only averment in the complaint, as to freedom from negligence on the part of plaintiff, was that in his attempt to readjust a certain rope, with the aid of a co-employe, and "without any fault of plaintiff or said" co-employe, "the said rope suddenly became loose and disentangled, thereby causing the same to jerk, swing, and vibrate violently, striking plaintiff about his head and face, and knocking said plaintiff from said machinery to the ground," etc. Davis, J., in passing upon this point, said: "The appellee may have been entirely free from fault as to the rope becoming loose and disentangled, and yet, for aught

that appears in the complaint, guilty of negligence in placing himself where it would injure him, or he may have been in fault in allowing a heavy weight to hang on the end of the rope, unsupported, while engaged in his efforts to replace the rope on the pulley, so that such weight, when the rope became loose, would cause it to jerk and vibrate, and thus injure him in the manner stated in the complaint."

The requirement is, of course, a technical one, but it is one of those which a long line of decisions holds cannot be dispensed with unless the facts alleged otherwise show affirmatively that the plaintiff was free from fault. This they do not show in the complaint under consideration. It is, therefore, defective.

Other questions presented may not arise upon a future trial, and we need not now decide them.

Judgment reversed, with directions to sustain the demurrer to the amended second paragraph of complaint.

Filed April 21, 1896.