LARSON, by guardian *ad litem*, Appellant, vs. THE KNAPP, STOUT & Co. COMPANY, Respondent.

*November 19, 1897 — January 11, 1898.*

*Injury to minor servant: Dangerous machinery: Assumption of risk: Promise to repair.*

1. While plaintiff, a minor seventeen years of age, employed to run a lath saw, was attempting to remove with a stick, while the saw was in motion, sawdust which had accumulated in a narrow space

Larson vs. The Knapp, Stout & Co. Company.

between the saw and a spout constructed to carry away the
refuse, the stick was caught by the saw, and he was injured. It
appeared without dispute that plaintiff had worked two years
at the same or a similar saw, and that he knew of the danger of
the stick being caught upon the revolving saw, and knew that
the sawdust could be removed in perfect safety by stopping the
saw, as he was entitled to do and had frequently done. *Held*, as
matter of law, that he assumed the risk.

2. Where there is both a safe and a dangerous way of doing work
about a machine, a promise to repair so as to remove the danger
will not relieve an operative from the consequences of assumption
of the risk if he deliberately chooses the dangerous way.

APPEAL from a judgment of the circuit court for Dunn
county: A. J. VINJE, Judge. *Affirmed.*

Personal injuries. The plaintiff, in June, 1895, was a
minor, seventeen years and four months old, and was em-
ployed by the defendant in its sawmill at Cedar Falls, oper-
ating a lath machine. He had worked for the defendant
company four summers in the same mill; the first two sum-
mers being employed in laying up bolts or slabs on one side
of the lath table for the bolters, and the last two summers
in sawing lath at the lath machine. This machine con-
sisted of a long platform or table extending from north to
south, at the north end being a circular saw known as the
bolting saw, and at the south end, where the plaintiff stood,
were two ten-inch circular saws, three eighths of an inch
apart, extending up above the table two or three inches,
which the plaintiff fed and thus made laths. The power
was transmitted to both the bolting saw and the lath saw
by a belt from below at about the middle of the table; and
at a point midway between the place where the feeder of
the bolting saw stood and the plaintiff's place was a lever
which operated a clutch pulley which would stop the entire
machine at any time. The plaintiff knew of this lever and
its use, and had frequently used it, and had a right to use
it when necessary. These machines were stopped several

times every day by reason of running out of material. Under the table, and immediately beneath the lath saws, was a rectangular spout inclosing the saws, and which tapered down to a hole in the floor and was designed to carry off the refuse sawdust and splinters from the lath saws. The north side of this spout, as it tapered towards the floor, came within about three eighths of an inch of the most northerly lath saw, and the evidence shows that this space frequently became clogged with sawdust and splinters, causing the saw to become hot and to cut unevenly. Just south of the two saws, a portion of the top of the table, extending clear across the table, could be removed.

It appears that some two weeks before the 25th of June Mr. Fletcher, who was in charge of the mill, saw that the machine was clogged and the laths were being cut unevenly, and told the plaintiff to clean out the accumulation of débris and keep it clean. The saw was then running, and the plaintiff, without stopping the saw, removed the movable portion of the table, took a piece of lath in his hand, and put his hand down into the spout, and reached around the saws, and poked out the obstruction from the three-eighths inch space. The plaintiff claims that Fletcher saw him clean out the débris in this way, and gave him no caution. He continued to clean the saws in this way frequently. Several days before the accident, while the plaintiff was putting his hand in to clean the saw in this way, the saw caught the stick and knocked it out of his hand. The plaintiff testifies that he then told Mr. Fletcher that he wanted the spout fixed, and Fletcher told him to go back to work, and "we will fix it." He then went back to work, and continued to clean the saw as before, until the 25th of June, when, in making the attempt, the saw caught the stick, and drew his hand against the saw, cutting off his thumb and forefinger. The plaintiff testified that he knew that if the back of a saw in motion came against a stick he was holding, it would be

apt to jerk it, and for that reason he was just as careful as he could be; and that he knew what the effect of hitting the teeth of that saw with a stick was, that the stick was liable to be thrown or jerked, that he had known it for a long time, that he had seen many sticks thrown by saws about the mill. The plaintiff's claim was that the machine was imperfect and dangerous, in that the space between the spout and the saw was too small and permitted the clogging to take place; that the plaintiff should have been warned of the danger of cleaning the saw in the way he did; and that the defendant had promised to repair the machine and remove the danger.

Upon the close of the plaintiff's case a judgment of nonsuit was rendered, and the plaintiff appealed.

For the appellant there was a brief by *Frawley, Bundy & Wilcox,* and oral argument by *C. T. Bundy.* To the point that the question of plaintiff's contributory negligence should have been submitted to the jury, they cited *Stoutenburgh v. Dow, Gilman, Hancock Co.* 82 Iowa, 179; *Barg v. Bousfield,* 65 Minn. 355; *Adams v. Clymer,* 36 Atl. Rep. 1104; *Foley v. California Horseshoe Co.* 115 Cal. 184; *Taylor v. Felsing,* 164 Ill. 331; *Olmscheid v. Nelson-Tenney Lumber Co.* 66 Minn. 61; *O'Connor v. Adams,* 120 Mass. 427; *Luebke v. Berlin Machine Works,* 88 Wis. 442; *Ferriss v. Berlin Machine Works,* 90 id. 541; *Christianson v. Pioneer Furniture Co.* 92 id. 652; *Pier v. C., M. & St. P. R. Co.* 94 id. 359; *Andrews v. C., M. & St. P. R. Co.* 96 id. 348; *Kucera v. Merrill Lumber Co.* 91 id. 637; *Vorbrich v. Geuder & P. Mfg. Co.* 96 id. 277; *Ingerman v. Moore,* 90 Cal. 410; *Neilon v. Marinette & M. Paper Co.* 75 Wis. 579; *Chopin v. Badger Paper Co.* 83 id. 192; *Wolski v. Knapp, Stout & Co. Company,* 90 id. 178.

*V. W. James,* for the respondent, argued, among other things, that the plaintiff knew every danger attendant upon his employment as well as the defendant's foreman or any-

Larson vs. The Knapp, Stout & Co. Company.

body else. Under such circumstances he unquestionably assumed the risk and may be guilty of contributory negligence, notwithstanding the alleged direction to perform the work in the particular manner. *Casey v. C., St. P., M. & O. R. Co.* 90 Wis. 113; *Herold v. Pfister*, 92 id. 417; *Lofdahl v. M., St. P. & S. S. M. R. Co.* 88 id. 421; *Erdman v. Illinois Steel Co.* 95 id. 6; *Dougherty v. West Superior I. & S. Co.* 88 id. 343; *Showalter v. Fairbanks, Morse & Co.* id. 376; *Burnell v. West Side R. Co.* 87 id. 387; *Hoth v. Peters*, 55 id. 405; *Toomey v. Eureka Iron & Steel Works*, 89 Mich. 249; *Reese v. Clark*, 146 Pa. St. 465; *Bradshaw's Adm'r v. L. & M. R. Co.* 21 S. W. Rep. 346; *Wheeler v. Berry*, 95 Mich. 250; *Linch v. Sagamore Mfg. Co.* 143 Mass. 206; *Russell v. Tillotson*, 140 id. 201; *Leary v. B. & A. R. Co.* 139 id. 580; *Keen v. Detroit C. & B. Rolling Mills*, 66 Mich. 277; *Roul v. E. T., V. & G. R. Co.* 85 Ga. 197; *Wormell v. M. C. R. Co.* 79 Me. 397; *Southern Kan. R. Co. v. Moore*, 49 Kan. 616; *Johnson v. Ashland Water Co.* 77 Wis. 51; *Corcoran v. Milwaukee Gas Light Co.* 81 id. 191.

WINSLOW, J. Conceding that the evidence tended to show actionable negligence on the part of the defendant, we are still forced to conclude that the plaintiff assumed the risk, and hence cannot recover. It is true that the plaintiff was a minor, but this fact does not necessarily make the question one for the jury. Where the facts are undisputed and the inferences certain, it may be a question of law for the court. *Casey v. C., St. P., M. & O. R. Co.* 90 Wis. 113; *Herold v. Pfister*, 92 Wis. 417. The facts were undisputed, and the inferences certain, in the present case. The plaintiff had worked at the machine in question, or at a similar one, for two years, and knew all about it. He knew the danger of a stick being caught upon the revolving saw from recent actual experience, and he had also seen such things happen in the mill daily, and he says that on that account he was

as careful as he could be. He also knew that there was a perfectly safe way by which the saw could be cleaned,— by stopping the machinery,— and he knew that he was entitled to use this method, and had frequently used it. Knowing all these facts, and possessing average intelligence for his age, and having had two years' experience in the business, there is no escape from the conclusion that he assumed the risk.

The promise to repair cannot be relied upon, because the plaintiff was not compelled to use this method, but had a perfectly safe way in which to do his work, of which he knew, but deliberately chose the dangerous way, the dangers of which he knew as well as any one could know.

The nonsuit was properly granted.

*By the Court.*— Judgment affirmed.