THE LaFAYETTE CARPET COMPANY *v.* STAFFORD, BY HIS NEXT FRIEND.

[No. 2,915, Filed June 26, 1900.]

MASTER AND SERVANT.—*Injury to Servant.—Defective Machinery.— Complaint.*—In an action by a servant for injuries caused by an uncovered and defective yarn-drying machine, a complaint alleging

that plaintiff was eighteen years of age, was uninstructed as to the dangerous condition of the machine, and that the working place was a narrow passageway in which it was difficult to see because of dense steam, but which failed to aver that plaintiff was ignorant of the conditions, or that defendant knew plaintiff's age, inexperience and ignorance of the conditions, is insufficient. *pp. 189, 190.*

MASTER AND SERVANT.—*Failure of Master to Keep Machinery in Repair.—Injury to Servant.—Complaint.*—In an action by a servant for damages for personal injuries caused by the negligence of master to keep machinery in repair, a complaint describing the defects of the machinery, but containing no averment that the want of repair causing the injury was that to which the negligence was charged, is insufficient. *p. 191.*

SAME.—*Defective Machinery.—Complaint.—Contributory Negligence.* —In an action by a servant for injuries the complaint alleged that while plaintiff was in the performance of his duties, without any negligence on his part, certain yarn carried by plaintiff was caught in defective and uncovered yarn-drying machinery pulling his arm against such machinery and twisting it off. *Held,* insufficient for the reason that the allegations that the plaintiff was free from contributory negligence only showed freedom from fault up to the time the yarn was caught, and not to the time of the injury. *pp. 196-201.*

From the Tippecanoe Superior Court.    *Reversed.*

*C. G. Stuart, W. V. Stuart, E. P. Hammond, E. P. Hammond, Jr.,* and *D. W. Simms,* for appellant.
*C. E. Thompson* and *D. E. Storms,* for appellee.

COMSTOCK, J.—On January 12, 1897, appellee, then lacking eight days of being nineteen years of age, while in the employment of appellant, lost his left arm by falling into the "whizzer", a machine used for the purpose of extracting water from yarn. His amended complaint to recover damages for said injury was in three paragraphs. Appellant demurred to each paragraph for want of facts sufficient to constitute a cause of action. The demurrer was sustained as to the second, and overruled as to the first and third paragraphs, to which rulings, as to the first and third paragraphs, appellant excepted. Appellant answered by the general denial. There was a trial by jury, and a general verdict returned in favor of appellee assessing his damages at

LaFayette Carpet Co. *v.* Stafford.

$1,650. With their general verdict, the jury also returned answers to interrogatories submitted by appellant. Appellant filed a written motion for judgment in its favor on the special findings of the jury in answer to interrogatories, notwithstanding the general verdict. It also moved for judgment in its favor upon the statements in the pleadings, notwithstanding the general verdict. These motions were overruled and exceptions duly taken. The court sustained appellee's motion for judgment on the general verdict, to which ruling appellant excepted, and judgment was rendered in favor of appellee for the amount of the verdict. The foregoing adverse rulings to the appellant are assigned as error.

The whizzer into which appellee fell and received his injury is thus described in the complaint: "That said whizzer is made of a large circular iron frame which rises from floor to a height of about two feet, with a top rim about three and one-half to four inches wide; that said iron frame was about four feet in diameter; that arising from said iron rim there were three iron beams bolted onto the said rim, which rises in a circular direction, and meet about two and one-half feet above the center of the plane of the iron rim, and there forming the upper boxing for the spindle, which spindle extends down through the center of the iron frame into a lower boxing; that fastened on the bottom of said spindle and immediately above the lower boxing, and inside of said iron frame, is a circular tub, made of wood and iron the top rim of which is wood, placed thereon in sections, which fit closely together when placed thereon properly, and when said rim is in proper repair. That said top wooden rim of said tub was nearly on a level with the rim of said iron frame and formed a circle inside and closer to the center than said iron frame so that it was exposed and unprotected. That said three iron beams arising from said rim were located on the north, west and south side of said frame, form a semi-circumference, and

left an open space of one-half the circumference on the east side of said whizzer."

It is averred in both paragraphs of the complaint that appellee was eighteen years of age at the time of his injury; that appellant failed to give him any instructions as to the dangerous condition of the machine; but there is no averment that appellee did not know that the machine was uncovered, nor that he did not know of the danger of operating the machine; nor that he was inexperienced; nor that appellant knew his age and inexperience. It is also averred that appellee worked in a narrow passageway in which it was difficult to see because of the dense steam, but it does not aver that appellee was ignorant of these conditions. These averments were not sufficient, therefore, to charge negligence on the part of appellant as to the whizzer being uncovered, and as to the narrow passageway and the presence of the steam. There was no absolute duty on the part of the appellant to cover the whizzer. *Guedelhofer* v. *Ernsting,* 23 Ind. App. 188, and authorities there cited. See, also, *Stephenson* v. *Duncan* (Wis.), 41 N. W. 337; *Naylor* v. *Chicago, etc., R. Co.,* 53 Wis. 661; *Hobbs* v. *Stauer,* 62 Wis. 108, 22 N. W. 153; *Foley* v. *Machine Works,* 149 Mass. 294, 21 N. E. 304, 4 L. R. A. 51; *Gilbert* v. *Guild,* 144 Mass. 601, 12 N. E. 368; *Goodenow* v. *Emery Mills,* 146 Mass. 261, 15 N. E. 576; *Murphy* v. *Rubber Co.,* 159 Mass. 266, 34 N. E. 268; *Hale* v. *Cheney,* 159 Mass. 268, 34 N. E. 255; *Stuart* v. *West End St. R. Co.,* 163 Mass. 391, 40 N. E. 180; *Downey* v. *Sawyer,* 157 Mass. 418, 32 N. E. 654; *Schroeder* v. *Michigan, etc., Co.,* 56 Mich. 132, 22 N. W. 220; *Coombs* v. *N. B. Cordage Co.,* 102 Mass. 572, *Sjogren* v. *Hall,* 53 Mich. 274, 18 N. W. 812; *Palmer* v. *Harrison,* 57 Mich. 182, 23 N. W. 624; *Young* v.*Burlington, etc., Co.,* 79 Iowa 415, 44 N. W. 693; *Lake Shore, etc., R. Co.* v. *McCormick,* 74 Ind. 440; *Larson* v. *Knapp, etc., Co.,* 98 Wis. 178, 73 N. W. 992; *Mackin* v. *Alaska, etc., Co.,* 100 Mich. 276, 58 N. W. 999.

Counsel for appellee say in their able brief that the stat-

ute required appellant to cover its machinery, quoting §7087h, Burns Supp. 1897, (Acts 1897, p. 101, §8). This act, however, even if applicable to the case before us, did not go into effect until after appellee received his injury.

The objections to the first and third paragraphs of the amended complaint are: (1) That they are insufficient for failing to aver directly, or stating facts showing, that appellee's injuries occurred through the negligence of the appellant, and in failing to show that the alleged defects in the rim or spindle were the proximate cause of such injuries; (2) that they are insufficient for want of averments, or statement of facts, showing that appellee's injuries were received without fault or negligence upon his part.

The negligence charged against appellant in the first paragraph of complaint is that "defendant neglected its duty and failed to keep said machine in repair", especially that part known as the rim of the tub; that said rim was made of wood and was out of repair in this, that the sections were loose and the joints of the same did not come close together, and that said rim was worn rough so that parts (commonly called splints or slivers) of the top and edge projected slightly above the surface of the same. "In consequence of the rim of said tub being out of repair, the yarn which he was carrying on his left arm was caught by the rough part of said rim," etc.

There is no averment that the want of repair was the same before stated; nor that any act or omission of appellant was the cause of the yarn catching in the rim. The fact that the rim was out of repair and caused the yarn to catch may have been a different defect from that with which appellant is charged with being negligent. Presumptions will not be indulged in favor of the pleader.

The averment of negligence in the third paragraph follows the description of the defects in the spindle, and is as follows: "Defendant neglected its duty and failed to place any covering or netting over said rear of said whizzer and spindle and failed to keep said machine in repair, especially

that part of said machine known as the spindle." The want of repair of the spindle is thus described: "Said spindle was made of iron and the same was out of repair in this: That the part below the top boxing which held the top of said spindle was rough and covered with oil and dust." It is claimed by counsel for appellant that the foregoing averment does not charge any act of negligence causing appellee's injury. It charges that appellant failed to keep or place any covering over the rear of the whizzer and spindle and especially failed to keep the machine in repair, particularly the spindle, but does not aver that appellee's injury was caused by appellant's negligence. Nor does it appear from the facts pleaded that appellant's negligence caused appellee's injury.

In *Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322, 324, it was averred: "That the said defendant cut down the grass and weeds growing on the track and grounds of said railroad at said point, and permitted large quantities of other inflammable material to accumulate on said road and grounds, at said point, and negligently permitted said grass, weeds and other inflammable material to remain on the track and grounds of said road as aforesaid, until they become very dry, when on the — day of ——, 1872, they were set on fire by the passing trains, negligently run and operated on said road by the defendants, and the fire from said burning grass, weeds and other inflammable material, was communicated to said wood, and it was then and there burned. Wherefore the plaintiff was damaged," etc. The complaint was held bad, the court, at page 325, saying: "It avers 'that the wood was set on fire by the passing trains, negligently run and operated on said road by the defendant, and burned;' but it does not aver that the negligence had anything to do with the setting on fire and the burning of the wood, or that the injury was caused by, or resulted from, the negligence of the defendant."

In *Corporation of Bluffton* v. *Mathews,* 92 Ind. 213,

being an action against the town for an injury received by the plaintiff in falling into an excavation, the complaint charged: "That said incorporated town of Bluffton and said Morgan suffered and permitted said two excavations in said sidewalk to be made, and negligently, wrongfully and unjustly suffered and permitted the same to remain open, and the passage of said sidewalk to be obstructed and rendered dangerous to persons passing along said sidewalk along said lot, for a long and unreasonable length of time, to wit, for the space of about five weeks; that said sidewalk was constantly frequented and used by persons passing to and fro by said lot; that 'the said defendant' negligently, wrongfully and unjustly left the said excavations in said sidewalk along said lot uncovered and unprotected, and without any barriers or guards to prevent persons passing along said sidewalk and lot from falling into said excavations in said sidewalk; that on the 24th of October, 1881, the said defendant negligently left, suffered and permitted said excavations in said sidewalk along said lot to be uncovered, and without any guards or barriers or lights, to prevent persons from falling into said excavations while passing along said sidewalk and lot with due caution; that on the evening of the — day of ——, 1881, plaintiff, without any fault or negligence on her part, and while with due caution passing along said sidewalk, was precipitated and fell into said excavation in said sidewalk, to the depth of said excavation, and striking the bottom thereof with great force and violence, by means whereof she was greatly injured, and was sick and sore for a long time, and suffered greatly, and paid out large sums of money, to wit, $500 for medical and surgical treatment, and suffered damages in the sum of $5,000. Wherefore," etc. The complaint was held insufficient, the court saying: "To render the appellant liable it was necessary to show in the complaint, by the averment of issuable facts, a wrong on the part of the appellant

and damage to the appellee, and the wrong was the proximate cause of the damage. The complaint did not show that when the appellee was injured the appellant was chargeable with fault, or that her injury was caused by the appellant's wrongful act or omission." In *Pittsburgh, etc., R. Co.* v. *Conn,* 104 Ind. 64, an action against a railroad company to recover damages for injuries caused by its alleged negligence, it was held that the complaint must not only charge the defendant with the negligent acts, whether of commission or omission, but also show with reasonable certainty that such acts were the direct or proximate cause of the accident or injury: That "in such case, the allegation in the complaint, that the defendant, with gross negligence and in a careless and reckless manner, caused one of its locomotives, then and there operated by its servants and agents, to rapidly approach the street crossing where the accident occurred, without having the headlight lit in said locomotive, and without giving any reasonable, timely, or proper warning, notice, or signal of its approach, either by ringing the bell, or blowing the whistle at a safe and reasonable distance from said crossing, fails to show that the accident or injury was caused by the negligence of the defendant."

In *Harris* v. *Board, etc.,* 121 Ind. 299, it is stated: "The complaint of the appellant alleges that a bridge, forming part of one of the highways, was negligently suffered to get out of repair, and become unsafe; that the board of commissioners had notice of its condition; that the appellant's horse, which he was riding over the bridge, was injured, without any fault on the appellant's part." The complaint was held bad, the court saying: "To sustain a recovery there must, in every instance, be a connection between the wrong and the injury. In other words, the plaintiff must show that the unsafe condition of the bridge was the proximate cause of the injury for which he sues. There is no such showing in this case. It does appear that the bridge was unsafe, and that the plaintiff's horse was injured; but

it is not shown that there was any connection between the two facts."

In *Ohio, etc., R. Co.* v. *Engrer,* 4 Ind. App. 261, which was for an injury received at a crossing, the complaint charged that the defendant "negligently and carelessly omitted to give any signal of its approach by bell, whistle or otherwise," and "while said locomotive and cars were being run in the negligent and careless manner aforesaid," the plaintiff was struck and injured, etc., and then alleged that "the foregoing injuries were occasioned by the negligence and carelessness of the defendant," etc. The court said: "The injury must be shown to have been caused or occasioned by some act or omission which is alleged to have been negligent. In the complaint before us, after the description of the injuries suffered, it is alleged that they were occasioned by the negligence and carelessness of the appellant. In this connection no act or omission is mentioned, and no reference is here made to any act or omission or any negligence before mentioned. In the former part of the complaint it is alleged that the appellant caused its locomotive and train to pass rapidly along the railroad track and over the crossing, and in so doing negligently and carelessly omitted to give any signal of its approach by bell, whistle, or otherwise, and that while said locomotive and train were being run along said track and over said crossing in the negligent and careless manner aforesaid the same ran against the appellee, etc. It is not shown that the injury alleged was caused by any act or omission stated. This was a material defect. The appellant was entitled to a statement of the cause of action in plain and concise language, showing that the alleged injury was caused or occasioned by some act or omission stated and alleged to have been negligent."

In *Peerless Stone Co.* v. *Wray,* 10 Ind. App. 324, it was held: "In an action for damages for personal injury, the complaint is fatally defective where it does not appear, by direct allegations or necessary inference, that the injuries complained of were the result of defendant's negligence."

In *Chicago, etc., R. Co.* v. *Thomas*, 147 Ind. 35, it was held: "In an action against a railroad company for damages for the killing of plaintiff's intestate at a crossing, a complaint which alleges that defendant negligently piled lumber on its right of way which obstructed the view of travelers on the street, and that the persons managing defendant's train at the time plaintiff's intestate was killed, failed and neglected to sound the whistle or ring the bell in approaching the crossing, and were negligently running the train at an unlawful rate of speed, which complaint does not further aver that the view of decedent was obstructed by the lumber, or that the failure to give the signals, or the unlawful speed of the train caused the injury, does not state a cause of action. See, also, *Baltimore, etc., R. Co.* v. *Young*, 146 Ind. 374, and authorities there cited.

The following portions of the first paragraph of complaint contain the averments as to want of contributory negligence: "That on the 12th day of January, 1897, while said tub in said whizzer was being operated with great power and velocity by the steam engine located in said room, and while said plaintiff, who was a minor eighteen years old, was engaged in passing through said narrow passageway in the rear of said machine through which he was compelled to go by orders of the defendant and putting yarn on the said poles so placed aforesaid, as it was his duty to do, and without any fault or negligence on his part, and in consequence of the rear of said machine being uncovered and unprotected, and in consequence of the rim of said tub being out of repair, and in consequence of said narrow passageway, the lower part of the yarn which he was carrying on his left arm was caught by the rough part of said rim, carried around until it came in contact with the said spindle which revolves said tub, and said yarn was quickly wrapped around said spindle, pulling the left arm of plaintiff up against said spindle and twisting it off", etc.

The averments of want of contributory negligence of the

third paragraph are identical in language with those of the first, to and including "and without any fault or negligence on his part". They then proceed: "And in consequence of the rear of said machine being uncovered and unprotected and out of repair, as aforesaid, and in consequence of the said narrow passageway, the dry yarn which he was carrying on his left arm was caught by the rough part of the top of said spindle, immediately below the upper boxing which held the top of said spindle, pulling the left arm of plaintiff up against said spindle and twisting it off."

In the first paragraph it is averred that appellee was without fault or negligence until the yarn was caught by the rough part of said rim, and in the third until it was caught by the spindle.

Counsel for appellant claim that this is not sufficient; that the averment should show freedom from fault up to the time of the injury. It is pointed out that appellee might have been negligent in not jerking the yarn away from the rim before it was wound so as to be brought in contact with the spindle, or he might have been negligent in letting the yarn slip from his arm before it pulled up against the spindle. It is insisted that the words "without fault" can only apply to acts which precede them. It is quite clear that under the rules of construction these words apply to preceding statements.

In *Riest* v. *City of Goshen,* 42 Ind. 339, it is said: "The averment must be either expressly made in the complaint, that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged that such must have been the case." In that case, it was alleged that the plaintiff's servant, "when entering upon the west end of the said bridge, after the said horses had fully gained the same, and being entirely upon it, and while they were making ordinary effort to raise and draw forward the wagon so laden, as aforesaid, upon the said bridge, as aforesaid, within the corporate limits of said

city aforesaid, and while using due and reasonable care on his part, the said bridge broke down and gave way." The averment as to want of contributory negligence was held insufficient, the court saying: "The allegation is, that the servant used due and reasonable care after the team and wagon had gotten upon the bridge, but it is not averred that he used due and reasonable care in driving upon, and attempting to cross the bridge; nor is it alleged that the plaintiff and his servant were ignorant of the true condition of the bridge. If it had been alleged that the injury had occurred without the fault or negligence of the plaintiff, this allegation would have been sufficient, unless it plainly and clearly appeared, from the other facts stated, that the injury had been produced by the fault and negligence of the plaintiff. The allegation of the complaint, that the servant of the plaintiff used due and ordinary care after the team and wagon were upon the bridge, is not equivalent to the allegation that the injury was caused without the fault or negligence of the plaintiff."

In *Wabash, etc., R. Co.* v. *Johnson,* 96 Ind. 40, the court, referring to the complaint in that case, said: "In the complaint before us the allegation is that the fire was suffered to escape through the negligence of the defendant and without the fault of the plaintiff, but it is not averred that the loss resulted without any negligence of the plaintiff. The allegation of the pleading is confined to the act of suffering the escape of the fire, and by no rule of construction can it be extended to embrace the loss or injury. It may be true, as the complaint charges, that the fire did escape through appellant's negligence, and without any contributory negligence on the part of the appellee, and yet there be no right of action. The express averment falls far short of showing that the appellee was free from contributory negligence. It is one thing to aver that the fire escaped without the negligence of the plaintiff, and quite another to show that he did not contribute to the injury, for his contribution may have

been in some matter occurring before or after the fire was suffered to escape. It is not sufficient to show freedom from negligence on one point out of several; the care incumbent upon the plaintiff must extend to all points material to his cause of action."

In *Chicago, etc., R. Co.* v. *Thomas,* 147 Ind. 35, it was held: "In an action against a railroad company for the killing of plaintiff's intestate, an allegation that the intestate while passing over said crossing, without carelessness or negligence on his part, and while using due care and caution, was struck by a train, does not negative contributory negligence, as he might have been negligent before going upon the crossing."

In *Romona, etc., Co.* v. *Johnson,* 6 Ind. App. 550, 552, the complaint averred: "That on the 5th day of August, 1890, and while plaintiff was in the employ of defendant, and while in the line of his said duties, and while operating and managing said hoisting machinery, and without any fault whatever of plaintiff, the rope passing over said broken and unsafe pulley ran off said pulley by reason of said broken and unsafe condition, and became and was entangled in the machinery and boxing about said pulley, thereby hindering, obstructing, and stopping the movements and operation of said machinery; that thereupon plaintiff, with one Luther Pryor, a servant and employe of said defendant, attempted to extricate and remove said rope from said machinery and boxing, and to replace the same upon said pulley; that while plaintiff and said Pryor were so engaged in the attempt to remove, extricate, and readjust said rope, and while in the line of plaintiff's duty as such servant and employe of defendant, and without any fault of plaintiff or said Pryor, the said rope suddenly became loose and disentangled, thereby causing the same to jerk, swing, and vibrate violently, striking plaintiff about his face and head, and knocking said plaintiff from said machinery to the ground." The complaint was held insufficient. The

court said: "It is well settled that 'the averment must be either expressly made in the complaint that the injury occurred without the fault or negligence of the plaintiff, or it must clearly appear from the facts which are alleged that such must have been the case'. *Riest* v. *City of Goshen,* 42 Ind. 339, 341, and authorities cited. There is no general allegation in the complaint that the injury was caused without appellee's fault or negligence. The appellee may have been entirely free from fault as to the rope becoming loose and disentangled, and yet, for aught that appears in the complaint, guilty of negligence in placing himself where it should injure him, or he may have been in fault in allowing a heavy weight to hang on the end of the rope, unsupported, while engaged in his efforts to replace the rope on the pulley, so that such weight, when the rope became loose, would cause it to jerk and vibrate, and thus injure him in the manner stated in the complaint."

In *Lake Erie, etc., R. Co.* v. *Hancock,* 15 Ind. App. 104, 108, the court, holding the complaint bad for lack of sufficient averment that the injury occurred without the fault or negligence of the plaintiff, said: "There is in the complaint before us no averment that the appellee's injury was received without any fault or negligence on her part. The allegation concerning her freedom from fault is that by reason of the defendant's negligence, 'and without any fault or negligence on the part of the plaintiff, the said locomotive came in close proximity to said horse and plaintiff while then and there attempting to cross said railroad at said point, and frightened said horse, and caused him to turn around and upset or turn said buggy over and throw plaintiff with great force and violence to the ground, fracturing her skull,' and otherwise injuring her. This is an allegation that the plaintiff was free from fault in respect of the coming of the locomotive in close proximity to the horse and the plaintiff, but not that she was free from fault in receiving the injury. What follows after the averment as

to the coming of the locomotive is only a recital of what resulted from such act of the near approach of the engine to the horse and the appellee. The result was that the horse became frightened and turned around and upset the vehicle, throwing the appellee with great force and violence to the ground, and injuring her. But we are not apprised of what transpired between the time the appellant set in motion the cause of the appellee's injury and the happening of the result. The appellee may have been quite faultless in relation to the act which brought the locomotive engine and horse together, and yet she may have been negligent in occupying a careless position in the wagon while attempting to cross the track, or in doing some other act, between the time the engine came in close proximity to her horse and the time appellee was hurt."

The foregoing authorities are cited, not for the purpose of showing that in an action for negligence the plaintiff must be without fault, for the proposition is not questioned, but as cases illustrating the recognized rule. The case of *Lake Erie, etc., R. Co. v. Hancock,* 15 Ind. App. 104, is directly in point and would seem to be decisive of the question. The requirement lacking in the complaint may be said, as was said by Reinhard, J., in the case last cited: "The requirement is, of course, a technical one, but it is one of those which a long line of decisions holds can not be dispensed with unless the facts alleged otherwise show affirmatively that plaintiff was free from fault."

Counsel for appellee suggest that a correct result was reached, and that therefore if the rulings complained of were erroneous, they were harmless, and the judgment should be affirmed. We are not prepared to say from the entire record that a right result was reached.

Judgment reversed, with instructions to the trial court to sustain the demurrers to the first and third paragraphs of the amended complaint.