KLATT, by guardian *ad litem*, Respondent, vs. THE N. C. FOSTER LUMBER COMPANY, Appellant.

*March 11 — March 27, 1896.*

*Master and servant: Personal injuries: Special verdict: Proximate cause: Assumption of risk by minor servant: Evidence: Admissions.*

1. In an action for personal injuries alleged to have been caused by defendant's negligence it was error not to submit in the special verdict, in some form, upon request, a question as to whether the defendant's negligence, if any, was the *proximate cause* of the injuries; and, the right to a special finding on that subject not having been waived, the defect was not supplied by a general verdict for the plaintiff.

2. The true test as to a minor servant's assumption of the ordinary risks of the employment, and his contributory negligence, is not whether he knew and comprehended the danger, but whether he ought to have known and comprehended it.

3. In an action for personal injuries, a statement as to the manner in which they were sustained, which had been made by the plaintiff in the presence of witnesses, reduced to writing by one of them, read over to plaintiff, pronounced by him to be correct, and then subscribed by him and the witnesses, is, when properly identified, competent evidence on behalf of defendant, as being in the nature of an admission by plaintiff, and also to show that he had made statements conflicting with those made by him as a witness at the trial. A mere possibility that the writing might have been misread to plaintiff, or changed since, should not exclude it, where no such suspicion is fairly suggested by the paper itself or by facts in evidence.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

The action is to recover damages for personal injuries received by the plaintiff while working for the defendant in its sawmill. The complaint alleges two particulars in which the defendant was negligent: (1) In not warning the plaintiff of the dangers incident to the employment, and (2) in not keeping the machinery with which he worked in a safe con-

dition.  The answer was a general denial and the defense of
contributory negligence.  There was both a special and gen-
eral verdict for the plaintiff.  A motion, on the minutes,
for a new trial was denied, and judgment for the plaintiff
was entered on the verdict, from which the defendant ap-
peals.

At the time of his accident the plaintiff was eighteen
years old.  So far as appears, he was a boy of average in-
telligence.  He had been to school between four and five
years; had worked on a farm, in the pine woods, and had
had some experience working about the mill.  At the time
of his accident his work was in the mill, removing edgings
from the edger table.  He had been at this work about a
month.  Passing under that part of the edger table at
which his work was, and transversely to it, was a set of five
chains, at some little distance apart, whose business and
purpose was to remove the edgings from that table to an-
other table at a little distance from it.  They were called
"carrier chains."  They were endless chains, which lay, sub-
stantially, upon the floor.  At the left-hand side of the table
they were met by another similar set of chains, called "ele-
vating chains," whose purpose was to elevate the edgings to
another table, still further to the left.  Both sets of chains
were moved by sprocket wheels at their line of meeting,
which were affixed to a shaft under the floor.  The chains
were in plain view, and moved at the rate of fifty feet a
minute.  The plaintiff's station was near the head of this
extension of the edger table, and on the left-hand side.  The
sprocket wheels were on that side of the table, and fully
within his view.  His duty was to remove the edgings from
the table in such way that the chains should take and re-
move them to the other table.  At the time of his accident
the elevating chain which was next to him had stopped run-
ning.  While so at work, from some unexplained cause, his
foot slipped, was caught in the sprocket, and was injured.

For the appellant there was a brief by *V. W. James*, attorney, and *Losey & Woodward*, of counsel, and oral argument by *Mr. James* and *Mr. G. M. Woodward*.

For the respondent there was a brief by *Doolittle & Shoemaker*, and oral argument by *L. A. Doolittle*.

NEWMAN, J. Many errors in the record are claimed. The more important and decisive will be considered.

There was a special verdict. The defendant requested the submission, in the verdict, of certain questions which it proposed in writing. Among these proposed questions were the following: " (4) Was the injury sustained by the plaintiff the result of being placed to work in the place and manner in which he was put to work, which the defendant might have reasonably expected might probably occur?" " (10) Was the plaintiff injured by the want of ordinary care on the part of the defendant, which was the direct cause of said injuries?" " (13) Was the injury sustained by the plaintiff the result of mere accident?" These questions, in effect, would require the jury to find whether the negligence of the defendant, if such was found, was also the proximate cause of the plaintiff's accident. It is well settled that negligence alone does not make the defendant liable. The defendant is liable only when its negligence is found to be the cause of the accident. And this negligence is the proximate cause only when it is of such character as that men of ordinary prudence, judgment, and experience ought, reasonably, in the light of the attending circumstances, to have foreseen such an accident as likely to occur. And unless this question of proximate cause is fairly and substantially answered by the special verdict, no judgment can be given on it. *Atkinson v. Goodrich Transp. Co.* 60 Wis. 141, 161; *Guinard v. Knapp-Stout & Co. Company*, 90 Wis. 123; *McGowan v. C. & N. W. R. Co.* 91 Wis. 147; *Deisenrieter v. Kraus-Merkel Malting Co., ante*, p. 164. This question of proximate cause is one of fact. It

is the resultant fact or inference which is to be found from the testimony. It is the sum of all the testimony bearing on that point. It is familiar that, except in a clear case, this fact or inference is to be found by the jury. It is not considered that in this case the proper inference from the testimony was so plain as that the court might properly draw it. It was thought — at least by the defendant — that there was sufficient testimony to require the case to be submitted on all questions to the jury. While it was agreed at the bar, on the question of the plaintiff's contributory negligence, that there was little in the situation, considering the slow movement of the machinery involved, to suggest to the mind of the plaintiff that such an accident was probable, this same consideration would be entitled to some weight, it would seem, on the question whether the defendant ought reasonably to have foreseen that such an accident was likely to occur. On the whole testimony it was a question for the jury. But the special verdict contains no answer to this question. It does not find that the defendant's negligence was the proximate cause of the plaintiff's accident. This defect is not supplied by the general verdict for the plaintiff. For the defendant did not waive, by silence, its right to have a special finding on that issue. *Davis v. Farmington*, 42 Wis. 425. It follows that the verdict does not sustain the judgment, and that a new trial is necessary. *McGowan v. C. & N. W. R. Co.* 91 Wis. 147.

It may be of advantage, upon the new trial, if some others of the alleged errors be considered. The defendant requested the giving of a large number of special instructions. These were, in the main, correct and proper instructions, but were all refused by the court. Among the instructions so requested and refused were the following: "(2) In determining whether the plaintiff was of sufficient age, understanding, and experience to comprehend the dangers to which he was exposed in the discharge of his duties as an

Klatt vs. The N. C. Foster Lumber Co.

employee of the defendant, you must consider his age and the opportunity which he had to observe the apparent danger in discharging such duties, and determine from all the facts and circumstances whether or not he was of sufficient age and understanding that, even though he may not have fully comprehended the danger, yet that danger was so open and apparent, if you find it to be so, that a boy of his age, experience, and understanding ought to have known it, and ought not to have exposed himself to it. (3) If you find that the plaintiff engaged with the defendant in the duty which he was discharging at the time when he was injured, without at the time fully understanding or comprehending the dangers incident to his business, yet if you find that between the time of his employment and the time when he was injured he learned of these dangers, or in the course of his employment ought to have known of the liability of the accident by being entangled in the machinery, as he was, it is your duty to find that he assumed the risk of such injury as incident to his employment, and you cannot attribute the accident to the negligence of the defendant. (4) It was the duty of the plaintiff to look at the machinery about which he was employed to work, and apprise himself about any dangers offered by the machinery itself, and which he could have discovered, or ought to have discovered, by a proper examination thereof or by the use of his sight and other senses; and if he failed, during the course of his employment and while engaged in the work in which he was employed, to apprise himself of dangers which he ought to have seen, then he was not in the exercise of ordinary care and prudence, and it is your duty to so find."

These proposed instructions seem to be both accurate and pertinent to the case. The general instructions which were given cover most of the principles suggested by the proposed instructions. But one important element or principle seems to have been entirely omitted and overlooked. The court, in

substance, charged that the test on the question of the plaintiff's assumption of the ordinary risks of the employment, and of his contributory negligence, is whether he knew and comprehended the danger incident to it. This omits one important consideration. The true test is whether he ought to have known and comprehended it. The exercise of ordinary care includes the fair use of one's faculties and opportunities of observation in order to learn and comprehend the dangers which are naturally incident to the situation. He is chargeable with knowledge of such dangers as he might know and comprehend by the exercise of such ordinary care. *Luebke v. Berlin Machine Works,* 88 Wis. 442; *Craven v. Smith,* 89 Wis. 119. · The defendant was entitled to have the instructions given.

A few days subsequently to the accident the plaintiff made a statement relating to the manner in which the accident had occurred, in the presence of Edward Lees and J. K. Knuth, which was reduced to writing by Lees, and read over to the plaintiff, pronounced by him to be correct, and then subscribed by him, and, as witnesses, by Knuth and Lees. Knuth testified to these facts, and identified the paper by his own signature. The paper was then offered in evidence by the defendant, and excluded. The objection was not that it was inadequately identified, but that it might have been misread to the plaintiff, or changed since. It must be conceded that such iniquity is possible. It is not probable. In most matters, and especially in the trial of causes, some faith must needs be reposed in the integrity of men. To act upon such suspicions when not fairly suggested by the appearance of the paper itself nor by facts in evidence, would exclude many competent and honest documents, and render the administration of justice in many cases impracticable. This paper was in the nature of an admission by the plaintiff of facts against his own interest. It also tended to show that he had made statement of the manner of the happening of the accident, before controversy

had arisen, conflicting with the statement which he had made on the witness stand. For either purpose, it was competent evidence. It was sufficiently identified to entitle it to be received in evidence as substantive evidence. *Hazer v. Streich, ante,* p. 505; *Lathrop v. Bramhall,* 64 N. Y. 365; *Flood v. Mitchell,* 68 N. Y. 507; Abb. Tr. Ev. 319.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.