Roth, by guardian *ad litem*, Appellant, vs. S. E. Barrett
Manufacturing Company, Respondent.

*June 11 — June 24, 1897.*

*Master and servant: Presumption of average intelligence: Injury to
minor feeding straw cutter: Assumption of risk: Court and jury.*

.1. Unless apprised to the contrary, a master has the right to assume
that a boy eighteen years of age is possessed of average intelli-
gence for a person of his years.

2. A boy of average intelligence, eighteen years of age, who is put at
work pushing straw into a straw cutter with a stick, will be pre-
sumed, as a matter of law, to know and appreciate the danger of
.getting his fingers caught in the rolls and being injured thereby,
.and his evidence to the contrary does not raise a question for the
jury.

| | |
|---|---|
| 96 | 615 |
| 101 | 407 |
| 101 | 412 |

| | |
|---|---|
| 96 | 615 |
| f102 | 476 |
| 104 | 172 |
| 104 | 387 |
| 104 | 409 |

| | |
|---|---|
| 96 | 615 |
| 107 | 224 |
| 107 | 326 |
| 108 | 545 |

| | |
|---|---|
| 96 | 615 |
| 110 | ² 60 |
| 110 | ²494 |
| 53 LRA | 659 |

| | |
|---|---|
| 96 | 615 |
| 115 | 513 |

Appeal from a judgment of the circuit court for Rock
·county: John R. Bennett, Circuit Judge. *Affirmed.*

Action for personal injuries alleged to have been caused by
negligence on the part of the defendant. Defendant owned
:and operated a straw-board factory. It purchased straw
.from one Hansel, to be delivered by him at the factory, and
.put through a cutting machine. Plaintiff was employed by
Hansel to aid in taking straw from loaded wagons, and
·putting it through the cutting machine. It required two
;persons to do the work,— one to pitch straw from the load to
.a straw carrier, by which the material was conveyed to a

table; then it was pushed by the second man into revolving rolls by which it was carried to knives behind such rolls, which cut it up fine. The machinery of the straw cutter was of the ordinary kind. The knives were, as usual, hid from view by the rolls and the covering over the same. The feeder, in doing his work, was required to stand at the side of the table, and with a short, pointed stock about six inches long, grasped in the left hand, push the straw toward the rolls by putting the stick from time to time down through the straw as it lay on the table, and then move it along till the rolls would engage it, and carry it through to the knives. Plaintiff, while doing this work, got his fingers caught between the rolls, whereby his arm was drawn in and destroyed. The negligence complained of was that plaintiff was an inexperienced boy, to the knowledge of the defendant, and that it neglected to inform him of the dangers attending the work of feeding the cutter, and to furnish him a stick of the proper length to shove the straw along with. Defendant interposed as an answer a general denial. At the close of plaintiff's evidence the court granted a nonsuit, and from the judgment thereupon entered this appeal was taken.

For the appellant there was a brief by *Fethers, Jeffris, Fifield & Mouat,* and oral argument by *C. L. Fifield* and *M. G. Jeffris.*

*C. H. Van Alstine,* counsel, for the respondent, to the point that the plaintiff assumed the risk as matter of law, cited *Casey v. C., St. P., M. & O. R. Co.* 90 Wis. 113, 117; *Pratt v. Prouty,* 153 Mass. 333; *Sanborn v. A., T. & S. F. R. Co.* 35 Kan. 292; *Berger v. St. P., M. &. M. R. Co.* 39 Minn. 78; *McMahon v. O'Donald,* 32 Neb. 27.

MARSHALL, J.    The grounds for the nonsuit, we apprehend, in the main were: First, that the plaintiff was injured through his own carelessness; second, that no actionable negligence on the part of the defendant was shown; third, that the boy

Roth vs. S. E. Barrett Mfg. Co.

was a servant of Hansel, and that, if there was any negli-
gence in setting him at work without furnishing him a
proper stick for use in pushing the straw into the rolls, or
without instructing him in regard to the dangers attending
the employment, it was the fault of Hansel, and not of the
defendant. Either of these grounds was sufficient to justify
the nonsuit.

The young man appears to have possessed average intelli-
gence for a person of his years. At least the evidence does
not show that the defendant was apprised to the contrary
before the accident. Therefore it had a right to assume
that the boy was possessed of the usual faculties ordinarily
developed. In short, that he was a person of ordinary com-
mon sense for one of his years, and that he would exercise
such care to avoid the dangers which were visible, and which
he knew, or ought to have known, existed, as might reason-
ably be expected of one of his years and capacity. *Klatt v.
N. C. Foster L. Co.* 92 Wis. 622.

There was nothing complicated about the machine at
which the boy was working. We must assume that he
knew of the existence of the rolls, and knew that if he got
his fingers between them the probable result would be a
serious injury. Affirmative evidence was not necessary to
establish these facts. Nevertheless, the boy testified in an-
swer to questions propounded by the court, in effect, that he
knew that the rolls carried the straw through to knives that
cut it up fine. True, he also said that he did not know
there was danger of his hand being caught by the rolls, and
he did not know that if it was caught he would be injured;
but such evidence does not change the situation. There
was no more skill required in pushing the straw into the
rolls than in putting wood into an ordinary stove. It could
hardly be said of a young man eighteen years of age, if,
while in the act of performing such an ordinary operation
as feeding a stove, he got his hand too near the fire and was

burned, that he was not chargeable with knowledge of whatever danger existed that such might be the result. If such an accident happened, his evidence that he did not know or appreciate the danger would so conflict with and be over-come by common experience in life and all the probabilities as not to raise a question of fact for determination by a jury. It has been repeatedly held that evidence from the mouth of a witness to the existence of a fact, contrary to all reasonable probabilities, does not raise a question for submission to a jury, as in *Groesbeck v. C., M. & St. P. R. Co.* 93 Wis. 505, and *Lenz v. Whitcomb, ante,* p. 310, in each of which cases ordinary care required plaintiff to look for a coming train before entering upon a railway track. The train was in plain sight from where he was approaching the track. He testified that he looked and did not see it, and the court held that such testimony was not entitled to any consideration as against the conclusive presumption, arising from the circumstances of the situation, that he either did not look or that he saw the train and proceeded negligently to the danger. Also in *Badger v. Janesville Cotton Mills,* 95 Wis. 599, where a person, working on a ladder capable of sustaining several times his weight at the place where, after he was injured, it was found broken, testified that such breaking was caused by the weight upon it, and the court held that the fact that the ladder was free from all discoverable defects, and was sufficiently strong to sustain several times plaintiff's weight, rendered a breaking as testified to by him so improbable that his testimony did not raise any question in that regard for the jury. Also in *Vorbrich v. Geuder & Paeschke Mfg. Co., ante,* p. 277, where a machine by which plaintiff was injured was so constructed that pressure upon a lever was indispensable to its operation, and plaintiff testified that it moved unexpectedly and without such pressure, causing his injury, and it was held that such testimony did not create any conflict with the conclusive

presumption arising from the mechanical construction of the machine that an operation as testified to was impossible. So in this case, for a young man in his nineteenth year to testify that he did not know that, if he got his fingers into the rolls of a straw cutter, they would be caught thereby, and did not know that, if they were caught, he would be injured, does not amount to even a scintilla of evidence tending to establish that such were the facts. It follows that the boy needed no instruction in respect to how to do his work, and that the evidence conclusively shows that the injury complained of was either purely accidental or the result of the boy's own negligence. Therefore there is no legal ground to justify shifting the loss to the defendant, which is not shown to have been guilty of any actionable fault.

*By the Court.*— The judgment of the circuit court is affirmed.